Argued and submitted November 25, 1992, reversed and remanded for reconsideration January 5, 1994

In the Matter of the Compensation of
Sandie K. Driver, Claimant.

Sandie K. DRIVER,
*Petitioner,*

*v.*

ROD & REEL RESTAURANT
and SAIF Corporation,
*Respondents.*

(90-12482; CA A74250)

866 P2d 512

Edward J. Harri argued the cause for petitioner. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore

## DURHAM, J. pro tempore

Claimant seeks review of an order of the Workers' Compensation Board that reduced the referee's award of scheduled disability on the ground that no physician measured claimant's impairment. We review for errors of law, ORS 656.298; ORS 183.482(8)(a), and reverse.

■ Claimant was a food service worker. Employer closed her claim for bilateral carpal tunnel syndrome[1] and awarded 16 percent unscheduled permanent partial disability, but no scheduled disability.[2] Claimant requested a hearing. The referee increased the award of unscheduled disability and awarded 28 percent scheduled permanent partial disability for claimant's right wrist, based on a licensed physical therapist's measurements of lost grip strength and reduced active dorsiflexion. *Former* OAR 436-35-005(1) (since renumbered OAR 436-35-005(5) by WCD Admin Order 2-1991) provided, in part:

" 'Impairment' means a decrease in the function of a body part or system as measured by a physician * * *."

The Board reduced the award of scheduled disability, reasoning that the physical therapist was not a physician.[3]

ORS 656.005(12)(a) defines a "physician" as

"a person duly licensed to practice one or more of the healing arts in this state within the limits of the license of the licentiate."

---

[1] *Former* ORS 656.268(3)(a) (since amended and renumbered 656.268(4)(a) by Or Laws 1990, ch 2, § 16), provided:

"When the worker's condition has become medically stationary and the worker has returned to work, the claim may be closed by the insurer or self-insured employer, without the issuance of a determination order by the Department of Insurance and Finance."

[2] OAR 436-35-005 provides, in part:

"(7) 'Scheduled Disability' means a permanent loss of use or function which results from injuries to those body parts listed in ORS 656.214(2)(a) through (4) [arm, leg, foot, toe, hearing, vision, hand, thumb, finger].

"(8) 'Unscheduled Disability' means the permanent loss of earning capacity due to a compensable on the job injury or disease as described in these rules, arising from those losses * * * not to body parts or functions listed in ORS 656.214(2)(a) through (4)."

[3] The Board sustained the portion of the disability attributable to reduced active dorsiflexion only because employer failed to challenge those measurements.

The Board's interpretation of the term "physician" in the rule must comport with the policy that inheres in the statutory definition of that term. *Cook v. Workers' Compensation Department*, 306 Or 134, 138, 758 P2d 854 (1988). The question is whether physical therapy is one of the "healing arts." In *Cook*, the Supreme Court held that the term "healing arts"

> "would be commonly understood as the skill to treat disease or disability and, where the nature of the problem permits, to restore to health." 306 Or at 143.

*Cook* held that a nurse practitioner's qualification "to provide comprehensive, independent medical care in the form of diagnosis, treatment, advice and referrals" falls "within the commonly understood meaning of a 'healing art.' " 306 Or at 143. Employer argues that physical therapists do not "provide comprehensive, independent medical care" like nurse practitioners. However, they do practice a healing art within the Supreme Court's definition in *Cook*. ORS 688.010 defines physical therapy, in part, as:

> "the evaluation, *treatment* and instruction of a human being *to assess, prevent, correct, alleviate and limit* the signs and symptoms of *physical disability, bodily malfunction and pain*." ORS 688.010. (Emphasis supplied.)

Under that definition, a physical therapist treats a patient's physical disability and, where the nature of the problem permits, restores the patient to health. The Board erred in concluding that a physical therapist does not satisfy the definition of "physician" in ORS 656.005(12).

■ Employer argues, in the alternative, that the Board's order should be affirmed, because it found that the physical therapist failed to attribute claimant's lost grip strength to "atrophy, anatomical changes, or nerve damage" due to the compensable injury as required by the version of OAR 436-35-110(3) (since amended by WCD Admin Order 2-1991), applicable to the proceedings. The Board concluded:

> "The record does not show that any physician measured claimant's grip strength or attributed any loss of grip strength to nerve damage, atrophy or other anatomical change due to claimant's compensable condition."

That statement is ambiguous. We cannot discern whether the Board would have reached the same result but for its erroneous conclusion that a physical therapist is not a "physician." The Board can address that ambiguity on remand.[4]

Reversed and remanded for reconsideration.

---

[4] We do not address whether ORS 656.245(3)(b)(B) applies to this dispute, because it was not discussed by the Board in its order, or briefed by the parties on appeal.